IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. |
| ) | 14-00287-01-CR-W-DGK |
| ERIC L. PRICE, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION
## TO ACCEPT DEFENDANT'S GUILTY PLEA

On April 28, 2015, I held a change-of-plea hearing after this case was referred to me by Chief United States District Court Judge Greg Kays. I find that Defendant's plea is voluntary and therefore recommend that it be accepted.

### I. BACKGROUND

On October 7, 2014, Defendant was indicted, inter alia, with one count of being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). A change-of-plea hearing was held on April 28, 2015. Defendant was present, represented by appointed counsel Bob Kuchar. The government was represented by Assistant United States Attorney Mike Green. The proceeding was recorded and a transcript of the hearing was filed on April 28, 2015 (Doc. No. 36).

### II. AUTHORITY OF THE COURT

The authority of federal magistrate judges to conduct proceedings is created and defined by the Magistrates Act, 28 U.S.C. § 636. Besides certain enumerated duties, the Act provides that a "magistrate may be assigned such additional duties as are not inconsistent with the Constitution and the laws of the United States." 28 U.S.C. § 636(b)(3).

The Eighth Circuit, following the reasoning of several other circuits, has held that magistrate judges may preside over allocutions and pleas in felony cases, so long as certain procedural safeguards are met. United States v. Torres, 258 F.3d 791, 795-96 (8th Cir. 2001); see also United States v. Dees, 125 F.3d 261 (5th Cir. 1997), United States v. Williams, 23 F.3d 629 (2d Cir. 1994). The reasoning applied by the appellate courts relies upon previous opinions by the United States Supreme Court that conducting jury *voir dire* falls within a magistrate judge's "additional duties" when the defendant has consented. See Torres, 258 F.3d at 795 (citing Peretz v. United States, 501 U.S. 923 (1991); Gomez v. United States, 490 U.S. 858 (1989)).

In Peretz, the Supreme Court held that when a defendant consents to a magistrate judge's involvement in *voir dire*, he waives any objection based on his right to have an Article III judge hear his felony case. 501 U.S. at 936. Moreover, the availability of *de novo* review by a district judge preserves the structural guarantees of Article III. Torres, 258 F.3d at 795. Applying the Peretz holding and adopting the reasoning of Williams, the Eighth Circuit held that the acceptance of guilty pleas bears adequate relationship to duties already assigned by the Magistrates Act in that "[a]n allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly perform on a regular basis." Id. (quoting Williams, 23 F.3d at 633). Plea allocutions are substantially similar to evidentiary proceedings explicitly assigned by the Act. Id. at 796 (citing Dees, 125 F.3d at 265). Even if taking a guilty plea were considered to be of greater importance than those duties already assigned, the consent of the defendant saves the delegation. Id. "Consent is the key." Id. (quoting Williams, 23 F.3d at 633).

The Torres court also addressed the implications of such a delegation for Article III's case

2

and controversy clause. Id. Because plea proceedings are submitted to the district court for approval, the court retains ultimate control over the proceedings and is not bound to accept a plea taken by a magistrate judge. Id. Moreover, the district court's *de novo* review of the plea proceedings contributes to the ministerial nature of the magistrate judge's role. Id.

Based on the above, I find that, with the consent of the defendant, the District Court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

### III. FINDINGS OF FACT

1. The parties consented to the delegation of the change of plea to the magistrate judge (Doc. Nos. 42, 43).

2. On October 7, 2014, Defendant was indicted with one count of being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(i) and 924(a)(2). Defendant indicated that he understood the nature of the charge (Tr. at 3).

3. The statutory penalty is not more than ten years imprisonment, a fine of not more than $250,000, a supervised release term of not more than three years, and a $100 mandatory special assessment fee (Tr. at 3-4). Defendant was informed of the penalty range and indicated that he understood (Tr. at 3-4).

4. Defendant was advised of the following:

    a. That he has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 4);

    b. That he has the right to assistance of counsel throughout the trial (Tr. at 4-5);

    c. That Defendant is presumed innocent, and the government has the

3

Case 4:14-cr-00287-DGK   Document 44   Filed 05/13/15   Page 3 of 7

burden of coming forward to prove Defendant's guilt beyond a reasonable doubt (Tr. at 6);

    d.    That Defendant's attorney would have the opportunity to cross-examine the government's witnesses (Tr. at 5);

    e.    That Defendant has the right to testify but does not have to, and that the jury could not make an adverse inference from the fact that Defendant may not testify at trial (Tr. at 5);

    f.    That Defendant has the right to subpoena witnesses to testify on his behalf (Tr. at 5-6); and

    g.    That Defendant has the right to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 6).

5.    Government counsel stated that if this case were to be tried, the evidence would be that on June 13, 2014, law enforcement officers with the Independence Police Department, Topeka, Kansas Police Department, FBI and United States Marshal's Service, were looking for an individual named "Christopher Timley" (Tr. at 8). They had information that Mr. Timley resided at 1400 North Osage Trail in Independence, Missouri (Tr. at 8). On June 13, 2014, the officers set up a surveillance team on that address (Tr. at 8). Late afternoon, they observed a Chevrolet Malibu arrive containing three occupants – a driver and two passengers (Tr. at 8). A male, later identified as Defendant, got out of the front passenger seat and entered the residence (Tr. at 8). Defendant then opened the garage door; Mr. Timley got out of the car and then the car backed into the garage (Tr. at 8). Defendant and Mr. Timley placed items into the truck of the car, shut the garage door and drove away from the residence (Tr. at 8). A traffic stop was conducted on the car and Mr. Timley was arrested (Tr. at 8). Officers searched the car pursuant

to a warrant and, in the location where Defendant had been sitting, found a box wrapped inside a shirt that contained a Smith & Wesson handgun (Tr. at 8-9). This handgun was manufactured in Massachusetts (Tr. at 9). Officers also found a Romanian Arms Draco rifle, manufactured in Romania, in the back seat; a Beretta pistol, manufactured in Italy, in the trunk; and a Masterpiece Arms pistol, manufactured in Georgia, in the trunk (Tr. at 9). The driver of the car gave a statement to police that Defendant carried the box wrapped in a shirt out of the residence and placed it on the front passenger floorboard (Tr. at 10). Defendant has a 2010 felony conviction for possession with the intent to distribute narcotics and battery, and a 2011 felony conviction for assault and battery (Tr. at 9-10).

6. Defendant was placed under oath (Tr. at 7). Defendant stated that on June 13, 2014, he was within the Western District of Missouri (Tr. at 11). He knowingly had the firearms described by the government in the vehicle (Tr. at 12). During this time frame he had a felony conviction (Tr. at 12). Defendant does not dispute that the firearms had traveled in interstate commerce (Tr. at 12).

7. There is not a plea agreement. Instead, the Government will move to dismiss Counts One and Two at sentencing in exchange for Defendant's guilty plea to Count Three of the Indictment (Tr. at 2, 13).

8. No one had made any threats or any other promises in order to get Defendant to plead guilty (Tr. at 2-3, 13).

9. Defendant was satisfied with Mr. Kuchar's performance (Tr. at 13). There is nothing Defendant asked Mr. Kuchar to do that Mr. Kuchar did not do (Tr. at 13). Likewise, there is nothing Mr. Kuchar has done that Defendant did not want him to do (Tr. at 13).

10. Defendant is 24 years old (Tr. at 14). He has a high school diploma (Tr. at 14).

Defendant has no physical or mental health concerns that would prevent him from entering an intelligent and voluntary plea of guilty (Tr. at 14). He was not under the influence of any kind of drug or alcohol (Tr. at 14).

11. Defendant tendered a plea of guilty to Count Three of the Indictment (Tr. at 20-21).

## V. ELEMENTS OF THE CHARGED OFFENSE

To sustain a conviction for possession of a stolen firearm, the government must prove that: (1) the defendant was previously convicted of a crime punishable by imprisonment exceeding one year; (2) the defendant knowingly possessed a firearm; and (3) the firearm had been in or had affected interstate commerce. United States v. Abfalter, 340 F.3d 646, 654 (8th Cir. 2003); United States v. Boyd, 180 F.3d 967, 978 (8th Cir. 1999); United States v. Horsman, 114 F.3d 822, 824 (8th Cir. 1997), cert denied, 522 U.S. 1053 (1998); United States v. Taylor, 122 F.3d 685, 688 (8th Cir. 1997).

## V. CONCLUSION

Based on the above, I make the following conclusions:

1. The district court may lawfully refer this case to a magistrate judge for issuance of a report and recommendation on whether Defendant's guilty plea should be accepted.

2. Defendant has consented to having his plea taken by a magistrate judge.

3. Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of the crime charged.

Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting Defendant's guilty plea and adjudging Defendant

6

guilty of the offense charged.

*/s/ Robert E. Larsen*
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
May 13, 2015